UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 (lc)

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-081 PSG (DFMx) | Date | April 9, 2014 |
|---|---|---|---|
| Title | Gary Lewis v. Superior Court of California, County of Orange | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING Motion to Dismiss**

Before the Court is the motion of Defendants Stephen L. Snyder and Penny A. Lewis ("Moving Defendants") to dismiss. Dkt. # 5. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Moving Defendants' motion.

I.      Background

Plaintiff Gary Lewis ("Plaintiff") filed this case *pro se* on January 17, 2014. Dkt. # 1. Plaintiff is going through divorce proceedings in state Superior Court. *See Compl.* at 6. In those proceedings, he argued that his divorce had to be adjudicated by a tribal court because he is a member of the Yamassee Muscogee tribe. *See id.* at 2, 6. The court rejected Plaintiff's argument on the basis that the Yamassee Muscogee tribe is not recognized by federal law. *See id.* 6.

Plaintiff brought this case against: the Superior Court for the County of Orange; Judges Clay M. Smith and Erick L. Larsh; Plaintiff's wife, Penny A. Lewis; and her attorney in Superior Court, Stephen L. Snyder (collectively, "Defendants").[1] *See id.* at 1. Plaintiff argues that the

---

[1] Although Plaintiff characterizes this case as a removal of the Superior Court action, *see Compl.* at 15, Plaintiff has not fulfilled any of the requirements for removal set out in 28 U.S.C. § 1446. For example, Plaintiff has not filed a notice of removal or submitted the pleadings in the Superior Court action. *See* 28 U.S.C. § 1446(a). Plaintiff also has not made any showing that this Court has subject matter jurisdiction over the Superior Court lawsuit. *See* 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 (lc)

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-081 PSG (DFMx) | Date | April 9, 2014 |
|---|---|---|---|
| Title | Gary Lewis v. Superior Court of California, County of Orange | | |

federal Treaty of Camp Holmes recognizes the Yamassee Muscogee tribe, and contends that the Supremacy Clause of the Constitution requires the Superior Court to abide by that treaty. *See id.* at 6-14. The principal relief Plaintiff seeks is a declaratory judgment ordering Defendants to recognize the Yamassee Muscogee tribe. *See id.* at 14-15. Plaintiff does not seek any monetary damages. *See id.*

Moving Defendants have moved to dismiss on the grounds that: (1) the Court lacks subject matter jurisdiction; (2) service of process was improper; (3) the Complaint fails to state a claim; and (4) the Complaint is not properly formatted. *Mot.* 1:28-2:9.

II.   Discussion

The Court's disposition of this case is dictated by the Ninth Circuit's ruling in *Confederated Tribes of Colville Reservation v. Superior Court of Okanogan County*, 945 F.2d 1138 (1991). That case arose out of a child custody dispute between two individuals, one of whom was a member of the Confederated Tribes of the Colville Reservation (the "Confederated Tribes"). *See id.* at 1139. In the course of the parties' dispute, a tribal court and a Washington state court entered conflicting orders. *See id.* The Confederated Tribes filed suit in federal court seeking a temporary restraining order against the implementation of the state court's orders. *See id.* 1139-40.

The Ninth Circuit held that the district court did not have jurisdiction. *See id.* at 1142. The court characterized the Confederated Tribes' suit as "a de facto horizontal appeal from state to federal court," and explained:

> Appellants seek a declaratory judgment from a federal district court that the state court's interpretation of a federal statute was unlawful, before the intermediate and highest appellate courts of Washington have had the opportunity to review that decision. This action misconceives the relationship between state and federal courts in our system of government. The Tribes may legitimately object to the way in which the state court resolved Ms. Pearson's claims. But "lower federal courts possess no power whatsoever to sit in direct review of state court decisions." The supremacy clause of the Constitution requires state judges to discern and apply federal law where it is controlling. Appellants ask us in essence

---

1441(a). As a result, the Court construes Plaintiff's filing as a complaint seeking a declaratory judgment.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6 (lc)**

## CIVIL MINUTES - GENERAL

| Case No. | SACV 14-081 PSG (DFMx) | Date | April 9, 2014 |
|---|---|---|---|
| Title | Gary Lewis v. Superior Court of California, County of Orange | | |

> to presume they will not do so unless a federal court tells them to. This we cannot do.
>
> Federal review can occur, of course, but only in the Supreme Court, on appeal or by writ of certiorari. Thus, Ms. Pearson (or the Tribes if they are made a party) may seek a final judicial determination in the Washington state courts. If the final decision of the highest state court is adverse, they may petition the Supreme Court for certiorari on their federal claims. But, so long as they have an adequate forum in state court, they cannot seek relief in a lower federal court.
>
> It is well-established that declaratory judgments cannot fill in for appeals, let alone substitute for an appeal when no appeal could be taken. Because there could have been no appeal in federal court, there could be no declaratory judgment.

*Id.* (citations and footnote omitted).

Plaintiff, like the Confederated Tribes, is attempting to appeal an interlocutory state court decision. Under the principles articulated in *Confederated Tribes*, this Court cannot hear that appeal, even when it is characterized as a suit for declaratory judgment. *See id.* at 1141-42. Accordingly, this case is DISMISSED.

**IT IS SO ORDERED.**